*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOUNT GROUP LLC and MOUNT CLEMENS INVESTMENT GROUP LLC,

UNPUBLISHED
January 11, 2024

Plaintiffs/Intervening Defendants-
Appellants,

and

PATRICIA JURCZAK AND JOHN F. JURCZAK, JR.,

Intervening Plaintiffs,

v

No. 365841
Macomb Circuit Court
LC No. 2019-002111-CB

MACOMB ATHLETIC CLUB, INC., SMITH SAWYER SMITH, INC., JOHN RINALDI, and HOWARD REALTY GROUP, INC.,

Defendants-Appellees,

and

GENERAL CASUALTY COMPANY OF WISCONSIN,

Defendant.

Before: K. F. KELLY, P.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Plaintiffs/intervening defendants, Mount Group LLC and Mount Clemens Investment Group LLC (MCIG) ("plaintiffs"), appeal as of right the trial court order granting defendant Smith Sawyer Smith, Inc. summary disposition, as well as the trial court order denying plaintiffs' motion for reconsideration of same. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

MCIG owns a shopping center in Mt. Clemens, and Mount Group, a separate entity, managed and operated the shopping center. In June 2014, Mount Group leased property at the shopping center to defendant Macomb Athletic Center (MAC) to operate a gym. Later in 2014, plaintiffs entered a property management agreement with defendant Howard Realty Group, Inc. (HRG) to manage the shopping center. Lawrence Howard, the sole owner of HRG, worked with defendant John Rinaldi, an insurance agent employed by Smith Sawyer Smith, to procure an insurance policy for the shopping center from defendant General Casualty Company of Wisconsin. It was ultimately discovered that although Howard directed Rinaldi to include plaintiffs as named insureds or additional insureds on the insurance policy covering the shopping center, this did not occur. HRG was the only named insured on the policy.

On October 12, 2016, intervening plaintiff Patricia Jurczak was injured as a result of a trip and fall in the parking lot of MAC during an exercise class conducted outdoors. She suffered a fractured ankle. On July 3, 2018, Patricia and her husband, intervening plaintiff John F. Jurczak, Jr., filed suit against MCIG only, the owner of the shopping center, alleging negligence and loss of consortium, in LC No. 2018-002492-NO. Although there were communications between the Jurczaks' attorney, Phillip L. Sternberg, and plaintiffs' attorney, Demetrio Timban, as well as communications between Timban, Howard, and Rinaldi, MCIG never answered the Jurczaks' complaint. Default was entered, and ultimately, a default judgment was entered for $600,000 in favor of the Jurczaks against MCIG. MCIG moved to set aside the default and default judgment, which the trial court denied.

Thus, plaintiffs initially filed suit in this matter, LC No. 2019-002111-CB, against MAC, General Casualty, Smith Sawyer Smith, and Rinaldi, and then filed an amended complaint to add claims against HRG. The Jurczaks were granted leave to file an intervening complaint, and as a result, the court entered judgment against plaintiffs jointly and severally for the $600,000 default judgment, thereby making both plaintiffs liable to pay. MAC, General Casualty, HRG, and Rinaldi were all granted summary disposition of plaintiffs' claims, which plaintiffs do not appeal. Plaintiffs' sole issue on appeal is whether the trial court erred in granting summary disposition and denying reconsideration regarding plaintiffs' claim of negligence against Smith Sawyer Smith.[1]

In the original complaint, plaintiffs alleged negligence against Smith Sawyer Smith and Rinaldi for breaching their duties in securing an appropriate insurance policy, and as a direct and proximate cause of not having insurance, plaintiffs suffered damages in the amount of the default judgment. Smith Sawyer Smith and then-deceased Rinaldi moved for summary disposition arguing, in relevant part, that plaintiffs' negligence claim failed because plaintiffs could not establish causation. They asserted that the default judgment did not enter but for any omission by Smith Sawyer Smith or Rinaldi; it was entered because plaintiffs did not defend or oppose the Jurczak lawsuit. Proximate cause involves foreseeability of consequences, and the lack of

---

[1] Although plaintiffs' claims against Rinaldi, an agent of Smith Sawyer Smith, are closely intertwined, Rinaldi passed away during the proceedings, and the trial court dismissed him from suit because plaintiffs failed to timely move for substitution after the suggestion of death was filed. MCR 2.202(A)(1)(b).

insurance or defense by General Casualty was not a natural, unforeseen cause that produced plaintiffs' injury.

Plaintiffs asserted in response that there was a genuine issue of material fact whether proximate cause existed between Smith Sawyer Smith and Rinaldi's negligence and plaintiffs' damages as the evidence established a causal connection between Smith Sawyer Smith and Rinaldi's failure to obtain insurance for plaintiffs and the ultimate harm—the default judgment. Plaintiffs would have had insurance coverage had Smith Sawyer Smith and Rinaldi satisfied their standard of care and procured insurance, but because there was none, General Casualty did not defend plaintiffs, and this led to the default judgment. Assuming Timban properly defended the case, there was no guarantee plaintiffs would have avoided damages because of the lack of coverage. Moreover, plaintiffs asserted that summary disposition was premature because discovery was pending.

The trial court granted Smith Sawyer Smith summary disposition of plaintiffs' negligence claim, reasoning that there was no genuine issue of material fact that plaintiffs' own conduct in failing to respond or otherwise defend in the Jurczak lawsuit was the proximate cause of plaintiffs' injury. Plaintiffs moved for reconsideration of the court's decision, which the trial court denied. Plaintiffs now appeal.

## II. STANDARD OF REVIEW

The trial court granted Smith Sawyer Smith summary disposition of plaintiffs' negligence claim under MCR 2.116(C)(10). This Court reviews a trial court's decision on a motion for summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted).

> If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided. [*In re Guardianship of Malloy*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358006, 358021); slip op at 5 (quotation marks and citations omitted).]

"A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion." *Tripp v Baker*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360960);

slip op at 8. "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*. at ___; slip op at 8 (quotation marks and citation omitted).

## III. ANALYSIS

The trial court properly granted Smith Sawyer Smith summary disposition as there is no genuine issue of material fact that plaintiffs cannot establish the causation element of their negligence claim. Accordingly, the court did not abuse its discretion by denying plaintiffs' motion for reconsideration.

To establish a prima facie claim of negligence, plaintiffs must establish the following elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 243; 964 NW2d 50 (2020) (quotation marks and citation omitted). A duty of care may arise by way of a contractual relationship. *Id*. The causation element encompasses "both factual cause (cause in fact) and proximate, or legal cause." *Id*. at 245.

> Factual cause generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. Proximate cause, by contrast, normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. A plaintiff must necessarily establish factual cause in order to establish proximate cause. While factual causation may be established with circumstantial evidence, the evidence must support reasonable inferences of causation, not mere speculation. . . . [T]o provide circumstantial evidence that permits a reasonable inference of causation, a plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. The mere possibility of causation is insufficient to survive summary disposition. [*Id*. at 245-246 (quotation marks and citations omitted, alterations added).]

In their original complaint, plaintiffs alleged that Smith Sawyer Smith and Rinaldi owed them several duties including not misrepresenting the extent of coverage, completing all forms for insuring the shopping center, ensuring the insurance policy was consistent with the representations made to plaintiffs, and advising plaintiffs if General Casualty did not cover plaintiffs. Plaintiffs alleged Smith Sawyer Smith and Rinaldi breached these duties by not obtaining insurance that covered plaintiffs, and as a direct and proximate cause, plaintiffs suffered losses not less than $600,000.

In granting Smith Sawyer Smith summary disposition of plaintiffs' negligence claim, the trial court concluded as follows:

> [T]he undisputed facts established [MCIG] suffered the entry of a *Default Judgment* in the prior action when it failed to plead or otherwise defend against that action despite the existence of a legally cognizable defense(s). At the time, [MCIG]— along with its agent, Mount Group—was well aware it was not a named insured on

-4-

General Casualty's policy and that General Casualty would not be providing any defense or coverage for the Jurczaks' injuries. Notwithstanding, [MCIG] failed to implead General Casualty or file a declaratory judgment action against General Casualty to dispute the coverage issue. [MCIG] also failed to defend against the Jurczaks' motion for entry of a default judgment in the prior action.

Inasmuch as [MCIG's] own conduct (or the lack thereof in disputing the prior action) resulted in its liability to the Jurczaks, reasonable minds could only conclude [MCIG]—and its agent, Mount Group—was the proximate cause of its own damages.

The trial court's conclusions were not in error, as demonstrated by the deposition of the Jurzcaks' attorney in the underlying lawsuit, Sternberg. Patricia's injury occurred in October 2016. Sternberg sent letters to MCIG notifying it of the Jurczaks' claims in February 2017, June 2017, October 2017, and January 2018, with no response. Timban, plaintiffs' counsel, responded to an e-mail on February 20, 2018, giving Sternberg Rinaldi's name and asking Sternberg to forward the claim information to the insurance adjuster. Sternberg contacted the insurance company, and received the April 4, 2018 denial of coverage letter from General Casualty stating that the policy for HRG did not name MCIG or Mount Group as additional insureds, so coverage was denied for the incident. Sternberg sent the denial letter to Timban, and received no response, so he filed the Jurczak complaint in July 2018. Sternberg testified that Timban was properly served under the court rules.

The default was entered on August 9, 2018, and, according to Sternberg, properly served. Sternberg e-mailed Timban on September 13, 2018, and October 2, 2018, indicating he would seek a default judgment. Approximately 3½ months after the default was entered, plaintiffs moved for entry of default judgment, which was also properly served. Plaintiffs did not move to set aside the default and default judgment for several more months.[2] Clearly, the default was properly entered for failure to plead or otherwise defend under MCR 2.603(A)(1), and the default judgment was properly entered after the trial court held a hearing on the Jurczaks' motion for default judgment and plaintiffs failed to appear, MCR 2.603(B)(3).

Contrary to plaintiffs' assertions on appeal, the trial court did not err in its analysis regarding proximate cause. There is no genuine issue of material fact that any alleged negligence by Smith Sawyer Smith (or Rinaldi) was not the proximate cause of the damages plaintiffs incurred—namely, the $600,000 default judgment. The failure of Smith Sawyer Smith to procure an insurance policy with plaintiffs as the named insureds or additional insureds was not the "but for" cause of the entry of the default judgment. Plaintiffs' failure to respond or otherwise defend, through the actions or omissions of Timban, was the reason why the default and default judgment were entered. Thus, plaintiffs cannot establish factual cause, and the analysis may end here. *Powell-Murphy*, 333 Mich App at 246 ("A plaintiff must necessarily establish factual cause in order to establish proximate cause.").

---

[2] Timban was ultimately disbarred effective November 18, 2020.

Regardless, plaintiffs cannot establish that Smith Sawyer Smith's alleged failure to procure insurance coverage was also the proximate cause of plaintiffs' injuries. It is not foreseeable that Smith Sawyer Smith's failure to procure insurance would result in the default judgment being entered against plaintiffs. *Id.* This is speculative, which is insufficient to establish proximate cause. *Id.* Plaintiffs' assertion that had Timban properly defended the underlying lawsuit, it would be unlikely that plaintiffs would succeed in avoiding liability to the Jurczaks, is also speculative, and therefore insufficient to overcome the fact that Timban's actual actions in failing to answer or otherwise defend in the underlying lawsuit made entry of the default and default judgment proper and foreseeable.

Thus, the trial court properly granted Smith Sawyer Smith summary disposition of plaintiffs' negligence claim as there is no genuine issue of material fact that plaintiffs failed to establish that any action (or inaction) by Smith Sawyer Smith (or Rinaldi) was the proximate cause of their injury—the default judgment entered against them. Accordingly, the trial court did not abuse its discretion in denying plaintiffs reconsideration. "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). The trial court did not abuse its discretion in denying plaintiffs' motion for reconsideration as it stated that it was undisputed that the default judgment was entered when plaintiffs failed to plead or otherwise defend the Jurczak lawsuit, and that MCIG was not found liable to plaintiffs for lack of insurance coverage, but rather, for failure to provide a defense.

Lastly, plaintiffs argue that summary disposition was inappropriate because discovery was still pending, and they should have been afforded the opportunity to engage in more discovery regarding Smith Sawyer Smith and Rinaldi's failure to procure proper insurance coverage.

> Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete. However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate. The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. In addition, a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. The party opposing summary disposition must offer the required MCR 2.116(H) affidavits, with the probable testimony to support its contentions. [*Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009).]

As stated above, there is no genuine issue of material fact that any action or inaction by Smith Sawyer Smith or Rinaldi was the proximate cause of plaintiffs' damages as the default judgment was entered because of the actions or inactions by plaintiffs' counsel in the Jurczak lawsuit. Thus, plaintiffs' assertion that evidence regarding the insurance applications filled out by Smith Sawyer Smith and Rinaldi would provide further evidence to support their negligence claim is irrelevant, and although discovery was still pending, it was proper for the trial court to grant

Smith Sawyer Smith summary disposition of plaintiffs' negligence claim. See *id*. Accordingly, the trial court did not abuse its discretion in denying plaintiffs reconsideration and concluding that plaintiffs' previously raised issue of ongoing discovery did not bar dispositive relief as plaintiffs failed to substantiate their allegation that ongoing discovery would support their claims with independent evidence.

      Affirmed. Smith Sawyer Smith, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Noah P. Hood